ON REHEARING
Before LOTTINGER, LANDRY, SAR-TAIN, ELLIS, BLANCHE and TUCKER, JJ-
SARTAIN, Judge.
Defendant-appellee, Lois S. Lombardo, sought and was granted a rehearing. When this matter was first considered by us we sustained a plea of prescription and affirmed the decision of the trial court which dismissed the action brought by George L. Richardson, plaintiff-appellant. Richardson sought a rehearing alleging that we erred as a matter of law in concluding that his original intervention in Civil Action No. 117,226 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge did not interrupt or suspend the one year prescriptive period of his claim in tort. We granted a rehearing and for reasons therein assigned reversed our previous position and concluded that the aforementioned intervention did in fact interrupt prescription. For reasons then assigned, we reversed the district court and remanded the matter for trial on the merits.
This instant matter is now before us on an application for rehearing sought by defendant-appellee. Movant alleges two errors on our part. First, that our reversal on first rehearing constituted an error of substantive law. Second, the granting of a rehearing limited to briefs and arguments heretofore filed and then simultaneously rendering a judgment on the rehearing is violative of Rule XI, Section 4,[1] which according to movant’s interpretation is an error in procedure because the rule specifically provides for either assigning the matter for later argument or at least granting the parties additional time in which to file briefs on the error complained of.
We granted this rehearing en banc because after further consideration we conclude that whereas we have the authority to grant a rehearing limited to briefs, we should give additional time to the parties to submit such additional or supplemental briefs as counsel may desire. This we have done and the matter was considered submitted as of June 18, 1971, the dates briefs were due.
We have reconsidered the position taken by us in both the initial opinion and our opinion on the first rehearing and herewith consider that our ruling on the first rehearing is correct. We now make a part of this opinion as though repeated herein those reasons assigned by us on the first rehearing, overruling defendant-appellee’s plea of prescription.
Accordingly, the judgment appealed from is reversed and this matter is remanded to the district court for a trial on the merits. The cost of this appeal is to be borne by defendant-appellee. All other costs are to await a final determination on the merits.
Reversed and remanded.

. Rule XI. Rehearing (4)
“When a rehearing is granted the case will be specially fixed for argument and at such time may be argued orally or, in the discretion of the court, ordered submitted on briefs already filed, together with such additional or supplemental briefs as counsel for the parties may file after service thereof on opposing counsel and before submission of the case on rehearing.”